IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOE GLADNEY

    *Plaintiff*,

v.

AMERICAN WESTERN HOME
INSURANCE COMPANY
    *Defendant*.

Civil Action No. ELH-15-1559

**MEMORANDUM**

Plaintiff Joe Gladney filed suit in the Circuit Court for Baltimore City against defendant American Western Home Insurance Company ("American Western"). *See* ECF 2 ("Amended Complaint"). The dispute relates to a commercial property and general liability insurance policy issued by defendant to plaintiff. Defendant removed the case to federal court on the basis of diversity jurisdiction. ECF 1 ("Notice of Removal"); *see* 28 U.S.C. § 1332.

In response, plaintiff filed an "Opposition to Removal from the Circuit Court for Baltimore City," requesting, *inter alia*, that the court "[d]eny Defendant's request for removal . . . ." ECF 9 ¶ 12.A ("Motion to Remand").[1] For reasons discussed, *infra*, I will construe ECF 9 as a motion to remand. Defendant filed a "Motion to Strike Plaintiff's 'Opposition to Removal' [sic] or in the Alternative Response in Opposition Thereto" (ECF 12, "Opposition" or "Motion to Strike") ("sic" supplied by defendant).

Defendant has also filed a Motion For A More Definite Statement. ECF 8 ("Motion for Definite Statement"). It is supported by two exhibits: the initial complaint, ECF 8-1, and the

---

[1] Plaintiff attached two exhibits to the Motion to Remand: an undated document from the Maryland Department of Assessments and Taxation Business Services, indicating, *inter alia*, that defendant's "Resident Agent" is located in the State of Maryland, ECF 9-1; and a "Writ of Summons (Private Process)" issued on March 3, 2015, ECF 9-2.

Amended Complaint.   ECF 8-2.   The Amended Complaint is the subject of the removal. Plaintiff did not respond in opposition to the Motion for a More Definite Statement.

No hearing is necessary to resolve the motions. *See* Local Rule 105.6. For the reasons that follow, I will deny plaintiff's Motion to Remand (ECF 9); I will deny as moot defendant's Motion to Strike (ECF 12); and I will deny defendant's Motion for Definite Statement (ECF 8).

## I.   Factual Background[2]

According to the Amended Complaint, on or about July 31, 2010, plaintiff purchased a "policy of commercial property and general liability insurance from an agent for American Western and paid a premium which would keep the policy in force for a period of twelve months." ECF 2 ¶ 4, Amended Complaint.   The policy provided for a maximum coverage of $1,000,000 "per occurrence."   *Id.*   Plaintiff alleges that on February 1, 2011, "the building(s) located at 2301 Sinclair La. suffered a windstorm, the roof was damaged causing water damage, damage to the interior and personal property inside of the building(s)." *Id.* ¶ 5.   As a result of this damage, plaintiff "contacted Defendant for payment on the policy for the personal property and building damage." *Id.* ¶ 6.

Plaintiff avers that defendant denied coverage under the policy because "the damage to the roof of the Metal Warehouse was due to defective manufacturing and installation of metal brackets attached to the roof of the Metal Warehouse, and not wind." *Id.* ¶ 7.   In the Amended Complaint, plaintiff does not offer further explanation or description of the "Metal Warehouse" structure or its location. According to plaintiff, upon being notified of the denial of coverage under the policy, plaintiff "retained an independent consultant to evaluate the damage to the Metal Warehouse and it was determined that damages were due to wind storm damage and not a

---

[2] In large part, the Factual Background is drawn from the Amended Complaint.

manufacturer's or installation defect." *Id.* ¶ 8.

Based on these facts, the Amended Complaint contains three counts.  In particular, Count I is titled "Bad Faith."  It alleges that "American Western breached the duty it owed to its insured, Plaintiff Gladney, in failing to pay the insurance benefits set out in his insurance policy.  American Western was negligent in evaluating the claim and failed to exercise good faith and due care in protecting the interests of its insured and settling claims in a timely matter."  *Id.* ¶ 9.  Plaintiff adds:  "American Western Acted [sic] in bad faith by failing to adequately consider the severity of Plaintiff's claims, by failing to properly investigate the Plaintiff's claims and evaluate accordingly, and by unduly delaying the resolution of the Plaintiff's claims without justification."  *Id.* ¶ 10.

Count II asserts breach of contract.  ECF 2 at 3, Amended Complaint.  Plaintiff avers that American Western "breached its duty to Plaintiff by failing to cover wind damage and water damage suffered by Plaintiff unto his building(s) and personal property."  *Id.* ¶ 12.  As explained by plaintiff, the failure to provide coverage for the damage as provided for under the policy "constitutes a breach of contract . . . ." *Id.* ¶ 13.

Count III alleges a violation of the Maryland Consumer Protection Act ("MCPA"), Md. Code (2013 Repl. Vol., 2014 Supp.) §§ 13–201 *et seq.* of the Commercial Law Article ("C.L.").  In  particular, plaintiff contends that defendant violated C.L. §§ 13-301 and 13-303, prohibiting "unfair or deceptive trade practices."  *Id.* ¶ 14.  Plaintiff complains that American Western "market[ed] itself to the public at large as an insurance company" and that defendant "impliedly represented" that its policy "covered loss due to windstorm and winter damage . . . ." *Id.* ¶ 16.  Plaintiff suggests that this representation from defendant that its "services [have] a characteristic, use or benefit that [they] do not have" constitutes an "unfair or deceptive trade practice.  *Id.* ¶ 15

Plaintiff seeks $300,000 in compensatory damages per count, "with interests and costs," as well as $50,000 in punitive damages, plus attorneys' fees.  ECF 2 ¶ 10, Amended Complaint; *see also id.* ¶¶ 13, 20.

Additional facts are included in the Discussion.

## II.  Discussion

### A.  Plaintiff's Motion to Remand; Defendant's Motion to Strike

As noted, plaintiff titles his remand request as "Opposition to Removal from the Circuit Court for Baltimore City."  ECF 9, Motion to Remand.  He appears to base his request for remand on two grounds.  First, he contends that defendant's removal should be denied because Maryland State courts possess personal jurisdiction over defendant.  ECF 9 ¶¶ 2-9, Motion to Remand.  Second, he insists removal should be denied out of "respect for the plaintiff's choice of forum . . . ." *Id.* ¶ 11.

In opposing the Motion to Remand, defendant lodges two arguments.  First, because the form of plaintiff's request is improper, defendant contends the pleading "should be stricken as a procedural nullity."  ECF 12 at 3, Opposition to Remand.  Second, American Western argues that a remand is not appropriate because removal was proper; this Court has subject matter jurisdiction on the basis of diversity.  *Id.* at 3-4.  I address each argument in turn, beginning with defendant's attack on the form of the pleading.

Defendant argues that an "Opposition to Removal" is not a pleading or motion type recognized in the Federal Rules of Civil Procedure or the Local Rules.  ECF 12 at 3, Opposition to Remand. It explains, *id*:

> Federal Rule of Civil Procedure 7 provides for pleadings allowed and the form of motions and other papers, none of which include an "opposition to removal." 28 USC §1447 provides for the procedure following removal, including a potential motion to remand, but does not include any provision for an

"opposition to removal." Finally, over and above those pleadings and motions provided for in the Federal Rules of Civil Procedure, the Local Rules of this Honorable Court provide for papers in the form of oppositions to motions and replies to oppositions to motions. Nowhere in any rule is there provision for an "opposition to removal." Plaintiff's Opposition makes a request that this Honorable Court deny American Western's "Request for Removal." Pl.'s Oppo. to Removal at the third of four unnumbered pages. Obviously American Western is not making a request for removal that is subject to an opposition asking the Court to deny such request, but American Western has actually removed the case pursuant to the applicable law and rules. Plaintiff's filing should be stricken as a procedural nullity.

Defendant's argument is largely semantic.  And, it elevates form over substance.  It is clear from the body of the submission that plaintiff seeks a remand.  For this reason, I have construed plaintiff's submission as a motion to remand.

Turning to the merits, American Western contends that removal was proper based on diversity jurisdiction.  I agree.

Plaintiff seems to posit that because Maryland State courts have personal jurisdiction over defendant, the federal court sitting in Maryland does not.  Plaintiff explains: "Generally, a Court in the State of Maryland has jurisdiction over it's [sic] residents and nonresident's [sic] served with process in the State . . . ."  ECF 9 ¶ 1.  With respect to the defendant, plaintiff explains:  "[S]ervice of process in this case was duly made [on defendant's agent] in the City of Baltimore," creating a basis for personal jurisdiction in State court.  *Id.* ¶ 5.  In plaintiff's view, the "Long Arm Statute" also provides a basis for a Maryland State court's personal jurisdiction over defendant, because "[a] court may exercise *personal jurisdiction* over a person, who . . . [t]ransacts any business . . . in the State[.]" *Id.* ¶ 2 (emphasis added).  In this regard, plaintiff notes that defendant "regularly solicits and engages in business of insurance in the City of Baltimore," such that Maryland State courts may exercise jurisdiction over it.  *Id.* ¶ 8.  Plaintiff appears to suggest that the authority of the Maryland State courts to exercise personal

jurisdiction over defendant would be at the exclusion of a federal court's ability to do so, thereby requiring a remand.[3]

Defendant does not dispute "that Maryland courts (whether state or federal) have personal jurisdiction over it in this case." ECF 12 at 4, Opposition to Remand. But, defendant insists that plaintiff's references to personal jurisdiction do not speak to whether removal was proper. As explained by defendant, argument on the issue of personal jurisdiction "fails to address, or refute, any of the principles relevant to American Western's Notice of Removal . . . ." *Id.* at 4.

Plaintiff's focus on personal jurisdiction is misplaced. To justify removal, defendant must establish a basis for *subject matter* jurisdiction in federal court. *See* 28 U.S.C. § 1441. Personal jurisdiction is not implicated. Here, as defendant contends, subject matter jurisdiction is proper on the basis of diversity.

Under 28 U.S.C. § 1331, a court may obtain subject matter jurisdiction in a case involving a federal question. In addition, under 28 U.S.C. § 1332(a)(1), federal district courts have subject matter jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." With exceptions not applicable here, diversity jurisdiction "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). The "burden of establishing subject matter jurisdiction is on . . .

---

[3] Personal jurisdiction speaks to a court's "authority over the parties," *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999), and subject matter jurisdiction delineates the "classes of cases . . . falling within the court's adjudicatory authority." *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004).

the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).

According to the Notice of Removal, plaintiff is domiciled in the state of Maryland.  ECF 1 ¶ 4, Notice of Removal.  And, defendant is a citizen of the State of Oklahoma.  *Id.* ¶ 3.  Moreover, the amount in controversy far exceeds $75,000.  In seeking a remand, plaintiff does not challenge the citizenship of the parties.  As such, removal was proper on the basis of diversity jurisdiction.

### B.  Section 1404(a) of 28 U.S.C.

In the alternative, plaintiff argues that the case should be returned to State court out of "respect for plaintiff's choice of forum . . . ."  ECF 9 ¶ 11.  Plaintiff predicates his argument, *inter alia*, on 28 U.S.C. § 1404(a).  ECF 9 ¶ 11.  He states:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  Plaintiff's reliance on § 1404(a) as a basis for remand is misplaced.

The statute provides federal courts with the discretionary authority to transfer a case from one federal district court to another federal district, "[f]or the convenience of parties and witnesses, [and] in the interests of justice . . . ." 28 U .S.C. § 1404(a).  However, the statute does not contemplate a federal court's transfer of a case to a state court.  *See Pope v. Atlantic Coast Line R. Co.,* 345 U.S. 379, 384 (1953) ("Section 1404(a), by its very terms, speaks to federal courts; it addresses itself only to that federal forum in which a lawsuit has been initiated; its function is to vest such a federal forum with the power to transfer a transitory cause of action to a more convenient federal court."); *see also Lee v. Hirschtritt*, No. 13 C 1061, 2013 WL 4016230, at *2 (N.D. Ill. Aug. 6, 2013) (stating "Section 1404 . . . applies exclusively to transfers among

federal district courts") *Subway Int'l B.V. v. Cere*, No. 3:10-CV-01713 PCD, 2011 WL 3511462, at *2-3 (D. Conn. Aug. 11, 2011) ("Simply put, this Court does not have the authority to transfer this [federal] case to New York state court").  As such, plaintiff cannot rely on § 1404 to create a ground for remand.

In sum, plaintiff has failed to articulate a proper challenge to removal or any legally sound basis for remand.  Therefore, plaintiff's Motion to Remand (ECF 9) shall be denied.  In addition, to the extent that defendant's Opposition (ECF 12) is a motion to strike the Motion to Remand, it shall be denied, as moot.

### C.  Motion For A More Definite Statement

Defendant moves for a more definite statement, pursuant to Fed. R. Civ. P. 12(e).  ECF 8, Motion for Definite Statement.  Rule 12(e) provides, in relevant part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

The Fourth Circuit has stated that Fed. R. Civ. P. 12(e), which governs motions for more definite statement, "must be read in conjunction with Rule 8 . . . ." *Hodgson v. Va. Baptist Hosp., Inc.,* 482 F.2d 821, 822 (4th Cir. 1973). Pursuant to Fed. R. Civ. P. 8(a), a complaint must contain three elements:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Unlike a Rule 12(b)(6) motion, which tests the legal sufficiency of a complaint, a Rule

12(e) motion for a more definite statement focuses on whether "'a party has enough information to frame an adequate answer . . . .'" *Streeter v. SSOE Sys.*, No. WMN–09–CV–01022, 2009 WL 3211019, at *10 (D. Md. Sept. 29, 2009) (quoting *Doe v. Bayer Corp.*, 367 F.Supp.2d 904, 917 (M.D.N.C.2005)). Such motions are "designed to strike at unintelligibility rather than simple want of detail . . . ." *Seneca One Fin., Inc. v. Structured Asset Funding, LLC*, DKC 10–1704, 2010 WL 4449444 (D. Md. Nov. 4, 2010) (internal quotation marks omitted). And, they "are viewed with disfavor, and are rarely granted." *Cellars v. Pac. Coast Packaging, Inc.,* 189 F.R.D. 575, 578 (N.D. Ca.1999).

As explained in *Federal Practice and Procedure* § 1376, 5C Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus (3d ed. 2004) ("Wright"):

> As the cases make clear, [under Rule 12(e)] the pleading must be sufficiently intelligible for the district court to be able to make out one or more potentially viable legal theories on which the claimant might proceed; in other words the pleading must be sufficient to survive a Rule 12(b)(6) motion to dismiss. At the same time, the pleading also must be so vague or ambiguous that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed in good faith or without prejudice to himself.

Of relevance here, Wright adds: "The class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small." *Id.* Indeed, when the information sought in connection with a Rule 12(e) motion "is available or properly sought through discovery, the motion should be denied." *Seneca One Fin., Inc.*, *supra*, 2010 WL 4449444, at *2. In addition, if the court is satisfied that the complaint provides enough information to frame a responsive pleading, "a court should deny the Rule 12(e) motion and avoid delay in maturing the case." *Doe*, *supra*, 367 F.Supp.2d at 917.

In seeking, a more definite statement pursuant to Rule 12(e), defendant characterizes the Amended Complaint as "so excessively bare bones" that defendant cannot "reasonably prepare a

response."  ECF 8 at 2, Motion for a More Definite Statement (internal quotations omitted).  It

explains:  "Plaintiff's Amended Complaint is vague and confusing in the extreme. The Amended

Complaint fails to specify any provisions of the policy allegedly breached."  *Id.* at 4.

American Western also complains that the Amended Complaint is riddled with

inconsistent statements and factual "discrepancies."  *Id.* at 5.  In particular, defendant notes that

there are three buildings on the premises – an office, a garage, and a storage building – and

argues, *id.* at 4 (quoting the Amended Complaint):

> The Amended Complaint refers to "building(s)," apparently representing
> potentially both singular and plural (there are three separate buildings on the
> premises). Ex. 2 Am. Compl. at ¶5. This same paragraph in the Amended
> Complaint further provides "the roof was damaged" in the singular.  *Id.*  This
> same paragraph also refers to "water damage, damage to the interior and personal
> property inside of the building(s)." That Plaintiff "contacted" AWHIC "for
> payment on the policy for the personal property and building damage." The
> Amended Complaint then specifies the denial of coverage complained of appears
> to be directed only to the "Metal Warehouse." ¶¶7&8.  Plaintiff's only claims for
> interior building damage and personal property were related to the office and
> garage. Plaintiff made no claim for interior building damage or personal property
> inside the storage building (presumably the "Metal Warehouse").

Defendant adds, *id.* at 5:  "Given these ambiguities and discrepancies, [defendant] cannot

reasonably prepare a response to such a vague and confusing Amended Complaint lacking

specification as to any details of the claimed policy provisions breached and the claims actually

being alleged."

I see no basis for the Motion for a more definite statement.  American Western has been

sufficiently informed of which policyholder is making a claim, the date when the policy was

purchased, the date of the occurrence, and the nature of the claims.  In particular, Count I, for

"Bad Faith," challenges that "American Western breached the duty it owed to its insured,

Plaintiff Gladney, in failing to pay the insurance benefits set out in his insurance policy."  ECF 2

¶ 9, Amended Complaint.  Count II characterizes defendant's failure to provide coverage for the

damage as provided for under the policy as a "a breach of contract . . . ." *Id.* ¶ 13.  And, Count III alleges a violation of the MCPA on the basis of defendant's purported representation that its policy covers "loss due to windstorm and winter damage . . . ." *Id.* ¶ 16.

To be sure, the Amended Complaint is not particularly detailed, and there is room for improvement in the clarity of the allegations.  Nevertheless, the Court cannot fairly characterize the Amended Complaint as so vague or ambiguous that American Western would be unable to prepare a response.   In my view, Gladney has presented adequate information to enable American Western to submit a suitable response to each count.  Moreover, the clarifications that defendant seeks are readily obtainable through discovery.   Therefore, American Western's Motion for a More Definite Statement (ECF 8) shall be denied.


### D.  Conclusion

For the foregoing reasons, I will deny plaintiff's Motion to Remand (ECF 9); I will deny defendant's Motion for a More Definite Statement (ECF 8); and I will deny defendant's Motion to Strike (ECF 12), as moot.

A separate Order follows, consistent with this Memorandum.


Date:   August 20, 2015                               _____/s/_____

                                                                 Ellen Lipton Hollander
                                                                 United States District Judge