IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOE GLADNEY<br>*Plaintiff*,<br><br>v.<br><br>AMERICAN WESTERN HOME<br>INSURANCE COMPANY<br>*Defendant*. | Civil Action No. ELH-15-1559 |

**MEMORANDUM**

In February 2015, Joe Gladney, plaintiff, filed suit in the Circuit Court for Baltimore City against American Western Home Insurance Company ("American Western"), defendant.[1]  An Amended Complaint was filed in April 2015 (ECF 2, "Amended Complaint"), based on a general liability insurance policy issued by defendant for plaintiff's commercial property.  ECF 2, ¶ 4.  In particular, Count I contains a claim for "Bad Faith."  ECF 2 at 2.  Count II alleges breach of contract.  *Id.* at 3.  And, Count III alleges a violation of the Maryland Consumer Protection Act.[2]  Plaintiff requests $300,000 in compensatory damages per count, "with interests and costs," in addition to $50,000 in punitive damages, plus attorneys' fees.  ECF 2, ¶¶ 10, 13, 20.

On May 28, 2015, defendant removed the case to federal court based on diversity jurisdiction.  ECF 1, "Notice of Removal"; *see* 28 U.S.C. § 1332.  On August 20, 2015, this Court issued a Memorandum Opinion and Order denying, *inter alia,* plaintiff's motion to

---

[1] According to defendant, it was never served with the original complaint.  ECF 1 ¶ 1.  Moreover, the original complaint was never docketed.

[2] Plaintiff cites to the Maryland Code, "Section 13-301 and Section 13-303," but fails to specify the particular article of the Maryland Code, of which there are many.  Apparently, he relies on the Commercial Law Article.

remand.[3]  ECF 14; ECF 15.

Defendant subsequently filed a "Motion For Partial Dismissal For Failure To State A Claim." ECF 16 ("Motion" or "Motion to Dismiss"). In particular, defendant has moved to dismiss Count I and Count III of the Amended Complaint. *Id.* at 1. Plaintiff opposes the Motion. ECF 18 ("Opposition"). And, on October 8, 2015, defendant filed a reply. ECF 21 ("Reply").

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I will grant defendant's Motion to Dismiss.

## I. Factual Background[4]

On or about July 31, 2010, plaintiff purchased a "policy of commercial property and general liability insurance from an agent for American Western and paid a premium which would keep the policy in force for a period of twelve months." ECF 2, ¶ 4, Amended Complaint. The policy provided for a maximum coverage of $1,000,000 "per occurrence." *Id.* Plaintiff alleges that on February 1, 2011, "the building(s) located at 2301 Sinclair La. suffered a windstorm, the roof was damaged causing water damage, damage to the interior and personal property inside of the building(s)." *Id.* ¶ 5. As a result of this damage, plaintiff "contacted Defendant for payment on the policy for the personal property and building damage." *Id.* ¶ 6.

Plaintiff avers that defendant denied coverage under the policy, claiming "the damage to the roof of the Metal Warehouse was due to defective manufacturing and installation of metal

---

[3] The plaintiff filed an "Opposition to Removal from the Circuit Court for Baltimore City" (ECF 9), which the Court construed as a Motion to Remand. *See* ECF 14 at 1, 5. In the Memorandum Opinion and Order (ECF 14; ECF 15), I also denied defendant's Motion for a More Definite Statement (ECF 8) and defendant's Motion to Strike the Motion to Remand. ECF 12.

[4] The Factual Background is drawn from the Amended Complaint (ECF 2).

brackets attached to the roof of the Metal Warehouse, and not wind." *Id.* ¶ 7. In the Amended Complaint, plaintiff does not offer further explanation or description of the "Metal Warehouse" structure or its location. According to plaintiff, upon being notified of the denial of coverage under the policy, plaintiff "retained an independent consultant to evaluate the damage to the Metal Warehouse and it was determined that damages were due to wind storm damage and not a manufacturer's or installation defect." *Id.* ¶ 8.

As noted, the Amended Complaint contains three counts. Count I, titled "Bad Faith," alleges that "American Western breached the duty it owed to its insured, Plaintiff Gladney, in failing to pay the insurance benefits set out in his insurance policy." ECF 2, ¶ 9. Further, Count I states that "American Western was negligent in evaluating the claim and failed to exercise good faith and due care in protecting the interests of its insured and settling claims in a timely matter." *Id*. Plaintiff adds: "American Western [a]cted in bad faith by failing to adequately consider the severity of Plaintiff's claims, by failing to properly investigate the Plaintiff's claims and evaluate accordingly, and by unduly delaying the resolution of the Plaintiff's claims without justification." *Id.* ¶ 10.

Count II alleges breach of contract. ECF 2 at 3. Plaintiff avers that American Western "breached its duty to Plaintiff by failing to cover wind damage and water damage suffered by Plaintiff unto his building(s) and personal property." *Id.* ¶ 12. Because defendant failed to provide coverage for the damage, as provided for under the policy, plaintiff asserts breach of contract. *Id.* ¶ 13.

In Count III, plaintiff asserts a violation of the Maryland Consumer Protection Act ("MCPA"), Md. Code (2013 Repl. Vol., 2015 Supp.), §§ 13–101 *et seq.* of the Commercial Law Article ("C.L."). In particular, plaintiff contends that defendant violated C.L. §§ 13-301 and 13-

303, prohibiting "unfair or deceptive trade practices." *Id.* ¶ 14. He asserts that American Western "market[ed] itself to the public at large as an insurance company" and that defendant "impliedly represented" that its policy "covered loss due to windstorm and winter damage . . . ." *Id.* ¶ 16. According to plaintiff, defendant represented that its "services [have] a characteristic, use or benefit that [they] do not have," which constitutes an "unfair or deceptive trade practice." *Id.* ¶ 15.[5]

## II. Standard of Review

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the adequacy of a complaint. *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010). To survive a Rule 12(b)(6) motion, a complaint must satisfy the pleading standard articulated in Fed. R. Civ. P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claim and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 & n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted); *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).

To defeat a motion under Rule 12(b)(6), a complaint "must plead facts sufficient to show that [the] claim has substantive plausibility." *Johnson v. City of Shelby, Miss.*, ___U.S. ___, 135 S. Ct. 346, 347 (2014); *see Iqbal*, 556 U.S. at 684 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions'. . . . ") (citation omitted); *Twombly*, 550 U.S. at 570; *see also Epps v. JP Morgan Chase Bank, N.A.*, 675 F.3d 315, 320 (4th Cir. 2012); *Simmons v.*

---

[5] Defendant disputes the allegations. But, as noted in the Standard of Review, given the posture of the case, I must assume the truth of plaintiff's allegations.

*United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011).  Dismissal "is inappropriate unless, accepting as true the well-pled facts in the complaint and viewing them in the light most favorable to the plaintiff, the plaintiff is unable to 'state a claim to relief . . . .'"  *Brockington v. Boykins*, 637 F.3d 503, 505–06 (4th Cir. 2011) (citation omitted).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint,'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'"  *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, ___ U.S. ___, 132 S. Ct. 402 (2011).  But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events.  *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).  Nor must it accept legal conclusions couched as factual allegations, *Iqbal*, 556 U.S. at 678, or legal conclusions drawn from the facts.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Monroe v. City of Charlottesville*, 579 F.3d 380, 385–86 (4th Cir. 2009), *cert. denied*, 559 U.S. 992 (2010).

The complaint must contain sufficient factual detail to "nudge[ ] [the plaintiff's] claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.  If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that "'the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (citation omitted).

Notably, a federal court sitting in diversity must apply the law of the forum state in which the court is located, including the forum state's choice-of-law rules, unless a compelling federal interest directs otherwise.  *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir.

2007).  Defendant asserts that Maryland law applies here.  ECF 16 at 5, Motion.  Plaintiff has not addressed choice of law in his submissions.  Because the choice of law principles are undisputed, I will apply Maryland law.

As to contract claims, Maryland applies the law of the state in which the contract was formed ("*lex loci contractus*"), unless the parties to the contract agreed to be bound by the law of another state.  *See, e.g.*, *Am. Motorists Ins. Co. v. ARTRA Group, Inc.*, 338 Md. 560, 573, 659 A.2d 1295, 1301 (1995).  The parties' filings do not reflect that such an agreement was reached.  Additionally, according to defendant, the disputed insurance policy was "delivered to Plaintiff in Maryland and premiums were paid in Maryland . . . ." ECF 16 at 5.  Plaintiff has not contested this assertion.  *See Sting Security Inc. v. First Mercury Syndicate, Inc.*, 791 F. Supp. 555, 558 (D. Md. 1992) (stating that insurance contracts are "[t]ypically" deemed formed in the location "where the policy is delivered and the premiums are paid") (citations omitted).

### III. Discussion

Defendant contends that the "Bad Faith" claim in Count I must be dismissed because "Maryland law does not recognize a first party cause of action for negligent bad faith in handling an insurance claim . . . ." ECF 16 at 3.  In particular, defendant states that in Maryland "a tort claim against an insurer for first party bad faith for failure to pay an insurance claim is unrecognized." *Id.* at 5 (citing *Hartz v. Liberty Mut. Ins. Co.*, 269 F.3d 474, 476 (4th Cir. 2001); *Stephens v. Liberty Mut. Fire Ins. Co.,* 821 F. Supp. 1119, 1120 (D. Md. 1993); *Johnson v. Federal Kemper Ins. Co.*, 74 Md. App. 243, 536 A.2d 1211, *cert. denied*, 313 Md. 8, 542 A.2d 844 (1988)).

As to the MCPA claim in Count III, defendant avers that the MCPA "does not include insurance as a consumer good or consumer service." ECF 16 at 4.  Moreover, defendant asserts

that the "statute specifically excludes insurance companies from being subject to the terms of the law . . . ." *Id.*

In his Opposition, plaintiff asserts: "Per Maryland Code, Insurance Article Sec. 3-1701, insured's [sic] with first party claims are permitted to sue their insurer's [sic] for failing to act in good faith." ECF 18 at 1, Opposition. Plaintiff also cites "Maryland's Unfair Claims [sic] Settlement Practices Act, Maryland Code, Insurance Article Secs. 27-303(9) and 27-304(18)" and argues that these "sections indicate that it is an unfair settlement practices act for an insurer to fail to act in good faith in settling a first party property or casualty claim, either on one occasion or with such frequency as to indicate a general business practice." ECF 18 at 2–3. Plaintiff notes that a "first party ultimately has a right to file a civil action for damages where an insured has followed the administrative procedure" and filed a complaint with the Maryland Insurance Administration ("MIA"). *Id.* at 3. As to Count III, the Opposition did not address defendant's attack on that count. *See* ECF 18.

In its Reply, defendant points out that Count I does not mention the Maryland Unfair Claim Settlement Practices Act. ECF 21 at 2–3. Defendant also states that the Maryland insurance code on which plaintiff relies "does not exist." *Id.* at 2. In particular, defendant asserts, *id.* n.1: "Title 3 to the Insurance Articled [sic] is headed 'Kinds of Insurers' and has only three (3) sub-titles and not seventeen (17) as suggested by Plaintiff's citation. Over and above this, nowhere in Title 3 to the Insurance Article is there any reference to a statutory cause of action for a first-party claim of failure to act in good faith by an insurer."

Defendant also observes that plaintiff's Opposition "fails entirely to address that part of American Western's Motion to Dismiss Count III of the Amended Complaint, which is therefore unopposed." *Id.* at 4. Accordingly, defendant argues that Count III should be dismissed.

Count I of the Amended Complaint states, in its entirety, ECF 2 at 2–3:

### **COUNT I (BAD FAITH)**

9. American Western breached the duty it owed to its insured, Plaintiff Gladney, in failing to pay the insurance benefits set out in his insurance policy. American Western was negligent in evaluating the claim and failed to exercise good faith and due care in protecting the interests of its insured and settling claims in a timely manner.

10. American Western Acted in bad faith by failing to adequately consider the severity of Plaintiffs claims, by failing to properly investigate the Plaintiff's claims and evaluate accordingly, and by unduly delaying the resolution of the Plaintiff's claims without justification.

Wherefore, Plaintiff demands judgment in favor of Plaintiff and against Defendant for compensatory damages in the amount of three-hundred thousand dollars ($300,000), with interests and costs.

In his Opposition, plaintiff cites the Maryland Unfair Claim Settlement Practices Act (the "Act"), Md. Code (2011 Repl. Vol., 2015 Supp.), §§ 27-301–306 of the Insurance Article ("Ins."). ECF 18 at 2. As stated in the Opposition, "Plaintiff filed it's [sic] complaint with 'MIA' in compliance with Maryland Code, Insurance Article Sec. 27-1001, thus maintaining Defendant's violation of Maryland's Unfair Claims [sic] Settlement Practices Act." *Id*. Plaintiff's reliance on the Act is misplaced.

Subtitle 3 of Title 27 of the Insurance Article contains the Unfair Claim Settlement Practices Act, which is intended "to provide an additional administrative remedy" for parties with claims related to unfair insurance settlements. Ins. § 27-301(a). Of import here, the Act provides, § 27-301(b):

(b)(1) This subtitle provides administrative remedies only.

    (2) This subtitle does not provide or prohibit a private right or cause of action to, or on behalf of, a claimant or other person in any state.

    (3) This subtitle does not impair the right of a person to seek redress in law or equity for conduct that otherwise is actionable.

Under the Act, it is an unfair claim settlement practice for an insurer, *inter alia*, to "refuse to pay a claim for an arbitrary or capricious reason based on all available information." Ins. § 27-303(2). It is also an unfair claim settlement practice for an insurer to "fail to act in good faith . . . in settling a first-party claim under a policy of property and casualty insurance[.]" *Id.* § 27-303(9). Good faith is defined as "an informed judgment based on honesty and diligence supported by evidence the insurer knew or should have known at the time the insurer made a decision on the claim." Ins. § 27-1001(a). Ins. § 27-305 sets out the penalties for a violation of the Act. The Insurance Commissioner may impose various penalties, including restitution. *See* § 27-305(c). But, the Act does not create a private cause of action.

Moreover, as defendant points out, Maryland law does not recognize first party tort actions against insurers for failure to settle insurance claims. The Fourth Circuit's decision in *Hartz v. Liberty Mut. Ins. Co.*, 269 F.3d 474 (4th Cir. 2001), is instructive.

In *Hartz*, the plaintiff brought suit against her homeowner's insurance provider in connection with damage to her home caused by a fire. *Id.* at 474–75. She filed a claim with the MIA after experiencing significant delays with requested home repair. *Id.* at 475. The MIA found that the plaintiff's insurer had misrepresented relevant portions of the disputed insurance policy in order to delay providing required repairs to the property. *Id.* The insurance company was fined, and the plaintiff's home was eventually satisfactorily repaired. *Id.* The plaintiff then filed suit in federal court, alleging that the delay she experienced had harmed her health, and that the harm was caused by the insurance company's undue delay in repairing the property. *Id.* The district court awarded summary judgment to the insurer, concluding that, "under Maryland law, there was no private right of action against an insurance company in tort for failure to settle a claim with an insured." *Id.*

On appeal, the plaintiff maintained that she had only advanced a claim under contract law, and not a common law tort claim. The Fourth Circuit affirmed. *Id.* at 474. It stated, *id.* at 476–77 (alterations added) (emphasis added):

> [A] breach of contract does not typically give rise to an action in tort. . . . *Maryland has made a considered decision not to recognize a tort action for bad faith failure to settle with an insured. Mesmer [v. M.A.I.F.]*, 725 A.2d [1053] at 1058 [1999] ("A contractual obligation, by itself, does not create a tort duty. Instead, the duty giving rise to a tort action must have some independent basis.").
>
> The Maryland Court of Appeals has repeatedly held that the duty which is owed to an insured for failure to settle a claim sounds in contract and not in tort. *See, e.g., Jones v. Hyatt Ins. Agency, Inc.*, 356 Md. 639, 741 A.2d 1099, 1107-08 (1999) ("Under Maryland law, an insurer who mistakenly denies coverage does not breach a tort duty owed either to the insured or to third-party claimants . . . . Instead, the duty owed . . . is entirely contractual."). The Maryland rule serves to "confine actions between an insured and his or her insurer to the realm of contract law, rather than letting such actions expand to tort proportions." *Yuen v. Am. Republic Ins. Co.*, 786 F. Supp. 531, 533 (D. Md. 1992). The decision of how to regulate insurance companies and remedy consumer complaints is a core issue of state policy which federal courts are bound to follow, not free to reconstruct.[]

The Fourth Circuit also explained, 269 F.3d at 475–76:

> The MIA is an independent agency that regulates Maryland's insurance companies, agents, and brokers by enforcing the state's insurance laws. Md. Code Ann., [Ins.] § 2-101-114, 2-201-214 (2000). The MIA is responsible for, *inter alia*, investigating consumer complaints about insurance coverage, licensing insurance companies, and investigating acts of insurance fraud. . . .
>
> . . . . [T]he federal courts simply have no license to upend Maryland's decision to resolve this sort of insurance complaint administratively. Indeed, the provisions of the Maryland Code for unfair settlement practices provide only for administrative remedies. *See* Md. Code Ann., [Ins.] § 27-301 (2000). This may lead to some delay or perceived inequity. However, Maryland has decided that the balance between the costs of insurance policies for its citizens and delays in settling insurance claims is best struck with an administrative process. We have no authority to alter that decision.

More recently, in *Moye v. Avis Budget Grp.*, TDC-14-2714, 2015 WL 410515 (D. Md. Jan. 27, 2015), Judge Chuang relied on *Hartz* and explained, *id.* at *3:

> The [Maryland] Unfair Claim Settlement Practices Act prohibits an insurer from failing to act in good faith solely with respect to settling *first-party* claims. Md. Code Ann., Ins. § 27-303(9). Furthermore, the statute provides for only administrative remedies, to be received through the Maryland Insurance Administration ("MIA"). Md. Code Ann., Ins. § 27-301; *Hartz v. Liberty Mut. Ins. Co.*, 269 F.3d 474, 475-76 (4th Cir. 2001) ("[F]ederal courts simply have no license to upend Maryland's decision to resolve this sort of insurance complaint administratively[.]").

*See also Jones v. Hyatt Ins. Agency, Inc.*, 356 Md. 639, 642, 741 A.2d 1099, 1100 (1999) (holding that "tort claimants had no viable direct cause of action in tort against . . . insurance agency because the agency owed them no duty independent of the contract" at issue); *Johnson*, 74 Md. App. at 248, 536 A.2d at 1213 (concluding that Maryland Unfair Claim Settlement Practices Act does not create a private right of action).

Here, Count I alleges that defendant failed, in bad faith, to settle plaintiff's insurance claim. *See* ECF 2 at 2–3. This allegation clearly falls within the ambit of *Hartz* and *Moye*, as well as *Jones* and *Johnson*. In other words, because the Amended Complaint concerns a dispute between the insurer and the insured, Count I "sounds in contract and not in tort." *Hartz*, 269 F.3d at 476 (citing *Jones*, 356 Md. at 653–54, 741 A.2d at 1107–08).

Put another way, "Maryland law recognizes a tort cause of action only *by an insured party* where an insurer refuses in bad faith to settle a third-party's claim against the insured." *Moye*, TDC-14-2714, 2015 WL 410515, at *4 (citing *Mesmer*, 353 Md. at 257, 725 A.2d at 1061–62) (emphasis in *Moye*). Accordingly, the Maryland Unfair Claim Settlement Practices Act does not support plaintiff's claim in Count I. And, there is no tort remedy for plaintiff under the facts alleged.

As discussed, Count III alleges a violation of the MCPA. ECF 2, ¶ 14. As defendant points out (ECF 21 at 3–4), the MCPA explicitly exempts insurance providers from the law's application.

The relevant provision of the Maryland Code, C.L. § 13-104, titled "Exemptions," states, in part (emphasis added):

This title does not apply to:

(1) The professional services of a certified public accountant, architect, clergyman, professional engineer, lawyer, veterinarian, *insurance company authorized to do business in the State, insurance producer licensed by the State,* Christian Science practitioner, land surveyor, property line surveyor, chiropractor, optometrist, physical therapist, podiatrist, real estate broker, associate real estate broker, or real estate salesperson, or medical or dental practitioner . . . .

Plaintiff did not address or dispute defendant's contention in his Opposition (ECF 18). Because defendant has correctly interpreted the limited application of the MCPA as to the insurance sector, Count III must be dismissed.

### IV. Conclusion

For the foregoing reasons, I am persuaded that Count I and Count III of the Amended Complaint fail to state a claim for relief. Therefore, I will grant defendant's Motion to Dismiss (ECF 16).

A separate Order follows, consistent with this Memorandum.

Date:  April 6, 2016                        /s/
                                   Ellen Lipton Hollander
                                   United States District Judge